IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

JERMAINE DUANE IRVIN-BEY                                                                    PLAINTIFF

V.                         CASE NO. 2:18-CV-00107-KGB-JTK

GENE BEASLEY, *Warden*,
FCI-Forrest City, Arkansas[1]                                                                RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

---

[1] The proper respondent is "the person" having custody over the petitioner. *Rumsfeld v. Padilla*, 542 U.S. 426, 434-435 (2004). Mr. Beasley is the current Warden of Forrest City Medium Federal Correctional Institution.

    1.    Why the record made before the Magistrate Judge is inadequate.

    2.    Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

    3.    An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A 149
> Little Rock, AR 72201-3325

## DISPOSITION

For the reasons explained below, it is recommended Petitioner's Petition for Writ of Habeas Corpus be DISMISSED without prejudice.

## Procedural History

Petitioner was found guilty by a jury of conspiracy to possess with intent to distribute 50 grams or more of a mixture and substance containing methamphetamine. *See* Case No. 4:13-cr-00035 (N.D. Tex.), DE # 182. The United States District Court for the Northern District of Texas sentenced him to 420 months' imprisonment within the guideline range of 360 months to life. *Id.* The Fifth Circuit affirmed the judgment of the district court on June 10, 2014. *United States v. Irvin*, 571 F. App'x. 312 (5th Cir. 2014). Petitioner is detained by the Bureau of Prisons in the FCI Forrest City Medium Institution. (DE # 1, p. 2) In 2015, Petitioner filed a petition under 28 U.S.C. § 2255 in the sentencing court seeking to vacate, set aside or correct his sentence. *See* Case

No. 4:15-cv-00551-A (N.D. Tex.), DE # 1.  On September 15, 2015, Petitioner's 2255 motion was denied.  *Id.* at DE # 12.

On January 24, 2017, Petitioner filed a habeas petition in this Court, pursuant to 28 U.S.C. § 2241, stating the purpose of the petition was "to obtain foreclosure on a perfected claim . . . by strict foreclosure."  *See* Case No. 2:17-cv-00013-DPM-JTK, DE #1.  The District Judge adopted the Magistrate Judge's recommendation and dismissed the petition without prejudice for lack of subject matter jurisdiction.  *Id.* at DE # 26.

On July 30, 2018, Petitioner filed another Petition for Writ of Habeas Corpus in this Court pursuant to 28 U.S.C. § 2241; however, this time he is challenging his sentence.[2] (DE # 1) Specifically, he argues that: (1) he is innocent of being a "career offender"; (2) he is actually innocent; and (3) he was convicted and sentenced pursuant to "ex post facto law in violation of the U.S. Constitution."  *Id.*  For the reasons that follow, the Court recommends that the petition should be denied and dismissed without prejudice.

Discussion

Petitioner is not entitled to use this § 2241 proceeding to challenge the validity of his current federal sentence.  Petitioner is incarcerated in this judicial district, but this is not the district where his federal conviction and sentence arose.  Issues concerning the lawfulness of a federal conviction and the sentence imposed generally must be brought in the sentencing court through a § 2255 motion to vacate, set aside or correct.  *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004); *see* § 2255 ¶ 1 (a federal prisoner "may move the court which imposed the sentence" to vacate, set aside or correct the sentence).  Because a § 2255 motion attacks the validity of the

---

[2] The Court notes that Petitioner has not applied for IFP status or paid the $5.00 filing fee; however, because this Court has determined, after reviewing the habeas petition, that it lacks subject matter jurisdiction, it must dismiss the action pursuant to Fed. R. Civ. P 12(h)(3) and therefore no filing fee or IFP is necessary.

3

conviction or sentence, it is "a further step in the movant's criminal case," and subject matter jurisdiction lies with the court that convicted and sentenced him. *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986). In contrast, a § 2241 habeas corpus petition attacks the execution of a sentence, or the manner in which the sentence is being carried out, and it is within the subject matter jurisdiction of the court presiding in the judicial district where the prisoner is incarcerated. *Matheny v. Morrison*, 307 F.3d 709, 711-12 (8th Cir. 2002); *DeSimone*, 805 F.2d at 323. It is not disputed that the claims within Petitioner's current petition in this Court are challenging the validity of his conviction or sentence as imposed. Therefore, his claims must be directed to the Texas district court that convicted and sentenced him or to the appropriate Court of Appeals (in this case, the Fifth Circuit).

No court has jurisdiction to hear such a challenge under § 2241 unless the petitioner has affirmatively demonstrated that the remedy provided by § 2255 "is inadequate or ineffective to test the legality of . . . [his] detention." *DeSimone*, 805 F.2d at 323 (quoting § 2255). The "inadequate or ineffective remedy" exception is sometimes called the "savings clause," *Abdullah*, 392 F.3d at 959, because when it applies, it can save a § 2241 habeas from being dismissed under the § 2255 exclusive remedy rule. Here, Petitioner is clearly challenging the validity of the sentence that was imposed by the Texas federal court. Such challenge is appropriate under § 2255, and as previously discussed, Petitioner has sought such review in the Texas district court and the Fifth Circuit. The Eighth Circuit has expressly confirmed that § 2255 will not be viewed as inadequate or ineffective "merely because § 2255 relief has already been denied, or because petitioner has been denied permission to file a second or successive § 2255 motion, or because a second or successive § 2255 motion has been dismissed[.]" *United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000) (internal citations omitted); *see also Hill v. Morrison*, 349 F.3d 1089, 1091

(8th Cir. 2003) (concluding that "in order to establish a remedy is 'inadequate or ineffective' under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition").  Petitioner has not shown that his prior attempts at relief pursuant to § 2255 were inadequate or ineffective to test the legality of his detention, and he is not entitled to proceed under § 2241 simply because he did not obtain relief from the Texas district court or the Fifth Circuit Court of Appeals.

For the foregoing reasons, the Court concludes that habeas corpus relief pursuant to section 2241 is not available to Petitioner.  Accordingly, Petitioner's 28 U.S.C. § 2241 petition for writ of habeas corpus (DE # 1) should be denied, dismissing this action without prejudice.

SO ORDERED this 20th day of August, 2018.

_____
UNITED STATES MAGISTRATE JUDGE