IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

**JERMAINE DUANE IRVIN-BEY**                                                **PETITIONER**
**REG # 45966-177**

v.                              Case No. 2:18-cv-00107-KGB/JTK

**GENE BEASLEY, Warden,**
**FCI-Forrest City, Arkansas**[1]                                            **RESPONDENT**

## ORDER

The Court has reviewed the Proposed Findings and Recommended Disposition submitted by United States Magistrate Judge Jerome T. Kearney (Dkt. No. 2). Also before the Court are petitioner Jermaine Duane Irvin-Bey's motion for copies, motion for judicial clarification, motion for release of funds, motion for remedy, and two motions for order (Dkt. Nos. 3, 4, 5, 7, 10, 12). Along with his motion for copies, Mr. Irvin-Bey filed timely objections to the Proposed Findings and Recommended Disposition (Dkt. No. 3, Ex. A). After careful consideration of the Proposed Findings and Recommended Disposition, the objections, and a *de novo* review of the record, the Court concludes that the Proposed Findings and Recommended Disposition should be, and hereby are, approved and adopted in their entirety as this Court's findings in all respects (Dkt. No. 2). The Court dismisses without prejudice Mr. Irvin-Bey's petition for writ of *habeas corpus*. The requested relief is denied.

**I.    Objections**

In his motion for copies, Mr. Irvin-Bey states that Exhibit A to his motion serves as his objections to the Proposed Findings and Recommended Disposition (Dkt. No. 3, at 3). Attached

---

[1] The proper respondent is "the person" having custody over the petitioner. *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004). Mr. Beasley is the current Warden of Forrest City Medium Federal Correctional Institution.

as Exhibit A is a copy of Mr. Irvin-Bey's objections to the presentence report from his criminal conviction in the United States District Court for the Northern District of Texas for which he is currently serving a sentence, *Jermaine Duane Irvin v. USA*, Case No. 4:13-cr-00035-A-4 (Dkt. No. 3, Ex. A). On July 27, 2015, Mr. Irvin-Bey filed a petition for *habeas corpus* under 28 U.S.C. § 2255 in the sentencing court seeking to vacate, set aside, or correct his sentence, which the sentencing court denied. *See Irvin v. USA*, Case No. 4:15-cv-00551-A, Dkt. No. 15 (N.D. Tex. Sept. 15, 2015).

In the Proposed Findings and Recommended Disposition, Judge Kearney determines that the claims Mr. Irvin-Bey attempts to bring in his current *habeas* petition also challenge the validity of his conviction or sentence as imposed. Such claims must be brought under 28 U.S.C. § 2255 instead of under 28 U.S.C. § 2241, the statute under which Mr. Irvin-Bey claims to bring his current *habeas* petition (Dkt. No. 2, at 4). However, as Judge Kearney notes, if Mr. Irvin-Bey can affirmatively demonstrate that the remedy provided by § 2255 is inadequate or ineffective to test the legality of his detention, then Mr. Irvin-Bey may challenge the validity of his criminal conviction under § 2241, an exception to the general bar on such claims sometimes called the "savings clause." (*Id.*).

The Eighth Circuit Court of Appeals has consistently held that the "savings clause" may not be invoked to raise an issue under § 2241 that could have been raised in a direct appeal or in a § 2255 motion in the sentencing district. *Nichols v. Symmes*, 553 F.3d 647, 650 (8th Cir. 2009). The Eighth Circuit has expressly confirmed that § 2255 will not be viewed as inadequate or ineffective "merely because § 2255 relief has already been denied, or because petitioner has been denied permission to file a second or successive § 2255 motion, or because a second or successive § 2255 motion has been dismissed[.]" *United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000)

(internal citations omitted); *see also Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003) (concluding that "in order to establish a remedy is 'inadequate or ineffective' under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition").

Mr. Irvin-Bey's objections do not relate to his current *habeas* petition. They do not show why the remedy provided by § 2255 is inadequate or ineffective to test the legality of his detention. Further, the savings clause does not apply to Mr. Irvin-Bey merely because § 2255 relief was previously denied by the sentencing court. *See Irvin v. USA*, Case No. 4:15-cv-00551-A (N.D. Tex. Sept. 15, 2015). Because Mr. Irvin-Bey has not shown that § 2255 is inadequate or ineffective to test the legality of his detention, Mr. Irvin-Bey has failed to show that the savings clause should apply to his current petition. As a result, the Court dismisses without prejudice his current petition that challenges the validity of his conviction or sentence as imposed brought under § 2241.

## II. Motion For Copies

In his motion for copies, Mr. Irvin-Bey requests copies of several documents that are directly related to his criminal conviction (Dkt. No. 3, at 5). Mr. Irvin-Bey asserts that these documents are necessary "to prove error, misrepresentation, fraud in the factum, dishonor, and a total miscarriage of justice by the United States and its agents/actors in violation of the Constitution." (*Id.*, at 4). The documents that Mr. Irvin-Bey requests do not appear to relate to his *habeas* petition or application of the savings clause in this case. Further, because the documents Mr. Irvin-Bey requests relate to his criminal conviction, the sentencing court in the United States District Court for the Northern District of Texas has the requested documents, not this Court. Therefore, this Court denies Mr. Irvin-Bey's motion for copies (Dkt. No. 3).

### III. Motion For Judicial Clarification

Mr. Irvin-Bey also filed a motion for judicial clarification (Dkt. No. 4). In the motion, he requests clarification regarding the legal basis for Judge Kearney's Proposed Findings and Recommended Disposition and seeks a signed and sworn affidavit from the Court (*Id.*). The Court will not conduct legal research for or at the request of Mr. Irvin-Bey, just as it will not conduct legal research for or at the request of any litigant. The Court also will not provide a signed and sworn affidavit to Mr. Ivrin-Bey.

Based on Mr. Irvin-Bey's motion, it is unclear to the Court if he claims that he has not been able to access the prison's law library. To the extent Mr. Irvin-Bey wishes to pursue a claim based on access to the prison's law library, Mr. Irvin-Bey may bring a separate claim in a separate action based on his constitutional right of access to the courts.

For these reasons, the Court denies Mr. Irvin-Bey's motion for judicial clarification (Dkt. No. 4).

### IV. Motion For Release Of Funds

Mr. Irvin-Bey also filed a motion for release of funds (Dkt. No. 5). In the motion, Mr. Irvin-Bey appears to request a release of funds relating to his criminal case, *Jermaine Duane Irvin v. USA*, Case No. 4:13-cr-00035-A-4 (Dkt. No. 5, at 1). Mr. Irvin-Bey makes his request pursuant to 28 U.S.C. §§ 2041, 2042, 2043, and 2044. Regarding the judgment entered in his criminal case on September 13, 2013, Mr. Irvin-Bey requests that "funds previously deposited with the Clerk of Court shall be withdrawn and disbursed . . . ." (*Id.*, at 9, 11).

Mr. Irvin-Bey does not explain what "funds" he believes were previously deposited with the Clerk of Court that he now seeks to withdraw (Dkt. No. 5, at 9, 11). According to the judgment from his criminal case, Mr. Irvin-Bey was ordered to pay a special assessment of $100.00, and he

was not ordered to pay a fine because he did not have the financial resources or future earning capacity to pay a fine. *Jermaine Duane Irvin v. USA*, Case No. 4:13-cr-00035-A-4, Dkt. No. 182 (N.D. Tex. Sept. 9, 2013). To the extent that Mr. Irvin-Bey seeks restitution of his special assessment, he may be entitled to return of the special assessment, if he succeeds in securing *habeas* relief for his challenged conviction. *See Dhinsa v. Krueger*, No. 08-1455, 2019 WL 692536, at *6 (2nd Cir. Feb. 20, 2019); *Prost v. Anderson*, 636 F.3d 578, 582 n.3 (10th Cir. 2011). Because Mr. Irvin-Bey has not been granted *habeas* relief, Mr. Irvin-Bey is not entitled to and may not seek in this action restitution of his special assessment.

Beyond claiming that the "funds" he seeks are related to the judgment entered in his criminal case, Mr. Irvin-Bey provides the Court no details about the "funds" he seeks to have released. To the extent that Mr. Irvin-Bey requests funds that relate to the judgment entered his criminal case, the Court construes this as a challenge to the validity of his conviction or sentence as imposed, which must be brought under § 2255, instead of § 2241, for the reasons explained in this Order. Mr. Irvin-Bey's motion for release of funds does not demonstrate that the remedy provided by § 2255 is inadequate or ineffective to test the legality of his detention, which is required to invoke the savings clause. For these reasons, the Court denies Mr. Irvin-Bey's motion for release of funds (Dkt. No. 5).

### V. Motion For Remedy

Mr. Irvin-Bey also filed a motion for remedy (Dkt. No. 7). Mr. Irvin-Bey appears to seek declaratory and injunctive relief under the Declaratory Judgment Act, 28 U.S.C. § 2201 (*Id.*, at 1). Specifically, Mr. Irvin-Bey seeks his immediate release from the Bureau of Prisons and monetary damages for the five years of his sentence that he has already served (*Id.*, at 1-2). Mr. Irvin-Bey requested this same relief in his petition for *habeas corpus* (Dkt. No. 1, at 5).

Under the Declaratory Judgment Act, "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). A federal prisoner is entitled to attack collaterally the conviction under which he is being detained pursuant to § 2255. *Gajewski v. United States*, 368 F.2d 533, 534 (8th Cir. 1966), *cert denied*, 386 U.S. 913 (1967). The Eighth Circuit has held that a federal prisoner is not entitled to invoke the Declaratory Judgment Act "in the federal courts for the purpose of testing the validity of his conviction." *Id.*; *see also Waldon v. State of Iowa*, 323 F.2d 852, 853 (8th Cir. 1963) (providing that a "state prisoner is not entitled to seek a declaratory determination from the federal courts under 28 U.S.C.A. § 2201 as to the validity of the judgment on which he is confined" in order to circumvent the exhaustion requirement of § 2254).

In his motion, Mr. Irvin-Bey requests that this Court release him from the Bureau of Prisons and award him compensatory damages pursuant to the Declaratory Judgment Act. Because Mr. Irvin-Bey cannot use the Declaratory Judgment Act as a substitute for a proper *habeas corpus* petition, the Court denies Mr. Irvin-Bey's motion for remedy (Dkt. No. 7).

**VI.    Motions For Order**

On January 28, 2019, Mr. Irvin-Bey filed a motion for order (Dkt. No. 10). In the motion, Mr. Irvin-Bey appears to renew his motion for release of funds (*Id.*, at 1). He also requests that his "account be properly adjusted" and "the fiduciary tax estimate and the fiduciary tax return for these 'claims'" (*Id.*). Mr. Irvin-Bey attached several documents to his motion: a copy of his sentence monitoring computation data; a copy of a letter from the Department of the Treasury, Internal Revenue Service ("IRS"); several notices of electronic filing from the present case; and a

copy of a judgment dismissing his petition for *habeas corpus* from a separate case, *Jermaine Duane Irvin v. Hendrix, et al.*, No. 2:18-cv-179-DPM (E.D. Ark. Jan. 7, 2019) (*Id.*, at 2-31). The IRS letter regards Mr. Irvin-Bey's referral of this matter to the IRS "for investigation into alleged criminal acts committed by a U.S. District Judge and the Clerk of the Court." (*Id.*, at 14).

On February 28, 2019, Mr. Irvin-Bey filed a second motion for order (Dkt. No. 12). In the motion, Mr. Irvin-Bey requests "that a lien be placed on the named case numbers until they are resolved, or in the alternative, [the Court] forward [Mr. Irvin-Bey] the proper forms to engage the liens . . . ." (*Id.*, at 1). Mr. Irvin-Bey also attaches a copy of a letter he received from the Office of the Criminal Justice Coordinator, Supreme Court of the State of Arkansas, regarding Mr. Irvin-Bey's "motion for review of sentence, right of review, and relief from judgment or order" (*Id.*, at 2). Mr. Irvin-Bey's motions for order do not relate to his *habeas* petition or address why he contends the savings clause should apply in this case. Further, to the extent that Mr. Irvin-Bey's motions for order relate to his motion for release of funds or motion for remedy, the Court denies both motions for the reasons stated and denies the motions for order based on the same analysis. For these reasons, the Court denies Mr. Irvin-Bey's motions for order (Dkt. Nos. 10, 12).

**VII.    Conclusion**

For these reasons, the Court denies Mr. Irvin-Bey's motion for copies, motion for judicial clarification, motion for release of funds, motion for remedy, and two motions for order (Dkt. Nos. 3, 4, 5, 7, 10, 12). The Court adopts the Proposed Findings and Recommended Disposition and concludes that *habeas corpus* relief pursuant to § 2241 is not available to Mr. Irvin-Bey. Accordingly, the Court denies without prejudice Mr. Irvin-Bey's 28 U.S.C. § 2241 petition for writ of *habeas corpus* and dismisses without prejudice this action.

It is so ordered, this the 11th day of March, 2019.

_____
Kristine G. Baker
United States District Judge